IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOEL ROBERTS, and ROBYN ROBERTS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-10-1088-C |
| H-40 DRILLING, INC., and TIM DANNER, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action seeking damages for personal injuries incurred when Plaintiff Joel Roberts was struck by a vehicle driven by Defendant Tim Danner. Plaintiff Robyn Roberts' claims are all derivative of the claims of Joel Roberts and therefore will not be discussed individually.

On June 13, 2008, Plaintiff Joel Roberts was working for a third party near a drilling site in Beaver County, Oklahoma. Danner, an employee of Defendant H-40, was driving his vehicle to a doctor's appointment for treatment of a spider bite. As Danner was driving his vehicle between two parked semi-trucks on a lease road at the well site, Roberts was struck and asserts he suffered serious injuries.

Plaintiffs brought the present action seeking damages from Danner for his negligence and damages from H-40 Drilling under the theory of respondeat superior. Asserting that the undisputed material facts demonstrate it can have no liability to Roberts, H-40 filed the present motion seeking summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

The parties are in agreement as to the following facts: At the time of the accident Danner was leaving the work site to see a doctor for an injury that was not work-related. Danner was driving his personal vehicle and was undertaking no duty or errand for H-40. As he was leaving, but Plaintiff argues while still on land owned or controlled by Defendant, Danner struck Mr. Roberts. The parties are in dispute over the nature and extent of Mr. Roberts' injuries but that dispute is immaterial to the issues currently before the Court. Plaintiff now seeks to recover from Defendant Danner and his employer Defendant H-40.

Under Oklahoma law, an employer is generally not responsible for injuries caused by an employee unless that employee is acting in the course and scope of his employment at the time of the accident. Wilson & Co. v. Shaw, 1932 OK 204, 10 P.2d 448.

> "In general terms it may be said that an act is within the 'course of employment' if (1) it be something fairly and naturally incident to the business, and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account."

Ada-Konawa Bridge Co. v. Cargo, 1932 OK 790, 21 P.2d 1, 2 (quoting Mechem on Agency § 1960). Under the undisputed facts noted above, Defendant Tanner was clearly not acting in the course and scope of his employment at the time of the incident. Plaintiff argues that even if Defendant Tanner was on a personal mission, since the incident occurred on property owned or controlled by Defendant H-40, that entity is liable. The law cited by Plaintiff in support for this argument arises solely within the scope of the worker's compensation laws

3

of Oklahoma. As Defendant notes in its reply, Oklahoma has clearly held that because of the underlying principles behind each area of law, cases involving liability of an employer for a worker's compensation claim are far different than the liability of an employer to a third person based on the doctrine of respondeat superior, and therefore the law established in one area cannot be used to create liability in the other. See Taylor v. Pate, 1993 OK CIV APP 79, 859 P.2d 1124, 1126. Because the undisputed facts clearly establish that Defendant Danner was not acting in the course and scope of his employment at the time of the incident, Plaintiff's claims against H-40 Drilling must fail.

For the reasons set forth herein, Defendant H-40 Drilling, Inc.'s Motion for Summary Judgment (Dkt. No. 26) is granted. A separate judgment will enter at the close of these proceedings.

IT IS SO ORDERED this 26th day of September, 2011.

ROBIN J. CAUTHRON
United States District Judge